IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TODD R. JONES, )
                                                    )     3: 11-cv-00634-PK
        Petitioner, )
                                                    )
    v. )
                                                    )     OPINION AND ORDER
FEDERAL BUREAU OF PRISONS, )
                                                    )
        Respondent. )

Stephen R. Sady
Chief Deputy Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

PAPAK, Magistrate Judge.

Todd R. Jones, an inmate at the Federal Correctional Institution, Sheridan, Oregon, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In accordance with Fed.R.Civ.P. 73(b), the parties consent to have the undersigned conduct any and all proceedings in this case, including order the entry of final judgment. Because the Court finds Jones' briefed claim is neither properly before the Court, nor ripe for review, relief on the Petition [1] is DENIED.

## BACKGROUND

In May 2009, Jones was sentenced to an 86-month term of imprisonment and a 3 year term of supervised release upon pleading guilty to violations of 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm and Ammunition by a Convicted Felon (Count 2); and 19 U.S.C. § 924(d) and 28 § 2461c, Forfeiture (Count 4). Decl. [18], Attach. 1. His projected release date is April 15, 2015, via good conduct time. Id. at 2.

Notably, in September 2008, while the above referenced federal charges were pending, Jones was arrested in Kittitas County, Washington for driving under the influence of alcohol. Id., Attach. 3 at 16. Jones contends that he has diligently tried to resolve this pending state charge both before and after the imposition of his federal sentence. See Brief in Support [27] at 2-4. While the parties disagree about what Kittitas County's

2 - OPINION AND ORDER

intentions are vis-a-vis Jones' pending charge, the Court's review of the record reveals that: (1) no detainer has been lodged with FCI-Sheridan; (2) in response to BOP inquiries related to the disposition of a Failure to Appear (FTA) warrant for Jones, Kittitas County sent a fax on December 1, 2009 stating that "[w]e are no longer interested in inmate Jones, Todd 7-31-68. We are unable to extradite him from Oregon on a misdemeanor warrant[.] Please drop our hold on him."; and (3) the Kittitas County Judge nevertheless denied Jones repeated requests made in February, August and October 2010 asking the Court to resolve his case, quash the outstanding warrant and dismiss the charges against him.

Finally, at the time Jones filed this petition on May 24, 2011, he had not applied nor was he eligible to be considered for placement in the Federal Bureau of Prisons (BOP) Residential Drug Treatment Program (RDAP). An inmate's application for participation in RDAP will not be considered until he is within 24-36 months of release. Decl. [19] at 2. Accordingly, the BOP would not consider an application from Jones before April 2012.

## DISCUSSION

I. <u>Improperly Raised Claim</u>

<u>Jones' Challenge to the Validity of BOP Rules Governing Eligibility for RDAP and Community Programming</u>

In what the Court construed as a *pro se* § 2241 habeas petition (titled "Motion to Compel"), Jones alleged that due to his pending case in Kittitas County, he "suffers irreparable harm because [he]

3 - OPINION AND ORDER

cannot participate in R.D.A.P., half-way house programs, and the [BOP] is forced to hold [him] in medium [security classification] custody." Petition [1] at 2. Jones sought an Order from the Court enjoining the BOP from giving effect to the outstanding Kittitas County warrant. In his counseled supporting memorandum, however, Jones challenges the validity of what he characterizes as the BOP's rules categorically excluding inmates with unadjudicated state charges, even charges involving non-extraditable misdemeanor warrants from states with no interest in the prisoners, from participating in RDAP and community programming. Brief in Support [27] at 1 & 8-9.

A petitioner must set forth his claims for relief in his petition. See Rules Governing Proceedings in United States District Courts - Habeas Corpus Rule 1(b) and 2(c). In general, a prisoner's *pro se* complaint is held to a less stringent standard than one drafted by lawyers and is liberally construed by the court. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). Here, even liberally construing Jones' *pro se* petition, the Court concludes he did not raise a claim challenging the validity of BOP rules governing entry into RDAP and community programming. Rather, Jones sought the Court's intervention to remedy what he perceives as a violation of his constitutionally protected speedy trial rights. Petition [1] at 2-3. The Court thus finds that the claim argued in Jones'

counseled supporting memorandum was not raised in his *pro se* petition and is not properly before the Court.

II. <u>Standing and Ripeness</u>

Even assuming Jones raised a challenge to the validity of the BOP's rules in his *pro se* petition, the Court would deny relief on the petition. Jones filed the petition both before applying for RDAP and before he was eligible for consideration in that program. In addition, he cannot demonstrate that his pending charge in Kittitas County categorically bars his entry into RDAP and community programming based on the challenged BOP rules. Accordingly, Jones lacks standing to challenge these rules and this claim is not ripe for review.

The Court has no jurisdiction to review claims unless they are ripe. <u>United States v. Streich</u>, 560 F.3d 926, 931 (9th Cir. 2009). According to the Supreme Court,

> the basic rationale [of the ripeness doctrine] is to prevent courts, though avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

<u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49 (1967). A claim is not ripe "if it involves contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Streich</u>, 560 F.3d at 931 (quoting <u>Thomas v. Union Carbide Agr. Prods. Co.</u>, 473 U.S. 568, 580-81 (1985)).

5 - OPINION AND ORDER

The requirement that a party have "standing" to bring an action is part of the case-or-controversy provisions of Article III of the Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). There are three elements to standing:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] independent action of some third party not before the court. Third, it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

Id. at 50-51 (internal quotations and citations omitted).

The two doctrines are related: "ripeness can be characterized as standing on a timeline" and often "coincides squarely with standing's injury in fact prong." Thomas v. Anchorage Equal Rights Commission, 220 F.3d 1134, 1138 (9th Cir. 2000)(en banc). To have standing, a party must demonstrate a realistic danger that he will suffer some injury as the result of the operation of the challenged statute or regulation. Id. at 1139.

Jones maintains that he need not apply and be denied entry into RDAP or community programing to suffer an injury in fact because the BOP has already made an eligibility determination in his case by establishing criteria that preclude his participation in RDAP. This is so, Jones argues, because: (1) the BOP's rules impermissibly require that he be able to complete the residential

6 - OPINION AND ORDER

re-entry center (RRC) component of the program in order to participate in RDAP; and (2) his pending state charge categorically precludes him from eligibility for community placement (RRC) because "BOP rules provide that a prisoner must not have any outstanding charges that would lead to 'arrest, confinement or conviction' in order to be considered for community placement. Program Statement 7310.04 at 4 (Dec. 16, 1998)." Brief in Support [27] at 8.

In response, respondent contends that Jones' claim is not ripe for review because he has not yet been considered for RDAP, there is no evidence he has been advised he cannot apply, and "[h]e may still be admitted into RDAP." Reply [32] at 4. Moreover, respondent asserts that while the BOP has discretion to find an individual with a detainer or pending charges ineligible for RDAP,

> There is no prohibition against [Jones] applying for RDAP once he reaches the window of eligibility for timing purposes [and] **[h]e is not categorically precluded from RDAP on the basis of his pending charges in Washington.**

Id. at 7 (emphasis added). The Court concurs.

Congress charged the BOP with preparing prisoners for reentry to the community during the final months of their terms of imprisonment. See 18 U.S.C. § 3624(c). Pursuant to this section, inmates may be placed in an RRC or in home confinement. Placement designations under § 3624(c) require individualized consideration of five statutory factors including: (1) the resources of the facility contemplated; (2) the nature and circumstances of the

7 - OPINION AND ORDER

offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b). The BOP's policies related to RRCs are set forth in the agency's Program Statement 7310.04. This policy includes the following relevant limitation on eligibility for RRC placement:

> 10. LIMITATIONS ON ELIGIBILITY FOR CCC REFERRALS. Inmates in the following categories shall not ordinarily participate in CCC programs:
>
> * * *
>
> f. Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.

PS 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, section (10)(f). However, as respondent notes, a BOP memorandum dated November 10, 2010 offers guidance on this issue:

> Pending Charges
>
> A pending charge without a formal detainer may not necessarily prevent an inmate from completing the community confinement component of the RDAP. Thus, an inmate may still be qualified to participate in RDAP. An inmate can be interviewed for the RDAP, placed on the waiting list, and start the program while waiting for an RRC determination to be made. In such cases, the [Drug Abuse Program Coordinator] DAPC or designee will request a 3621(e) Offense Review from the DSCC Legal Department in accordance with PS 5331.02, Early Release Procedures under 18 U.S.C 3621(e). The inmate will remain eligible for early release until institution staff determines whether the pending charge or charges will affect the inmate's ability to release to a RRC.

8 - OPINION AND ORDER

\* \* \*

> (3)  If the charge remains pending and no formal detainer will be filed, the DAPC or designee will consult with the inmate's Unit Team to determine whether the pending charge(s) will affect RRC placement. In accordance with PS 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, section (10)(f), inmates with "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement", shall not ordinarily participate in RRC programs (emphasis added).

Decl. [33], Attach. 1 at 2-3.

Based on the foregoing, the Court finds Jones cannot demonstrate that the BOP will categorically exclude him, based on his pending state charge, from participation in RDAP and community programming.[1] Accordingly, the Court finds this action does not satisfy the case-or-controversy requirement establishing this Court's jurisdiction to review the briefed claim. Since it concurs with respondent that Jones' does not have standing to challenge the subject BOP rules and that such challenge is not ripe for review, it declines to address the merits of this claim.

///

---

[1] The Court notes its finding is in accord with Judge Acosta's reasoning in Sams v. Thomas, 3: 11-cv-00333-AC wherein he held that to the extent the BOP would rely on PS 7310.04 section (10)(f) to categorically exclude the petitioner there from eligibility for RRC placement consideration, the Program Statement conflicts with the superceding statute. Moreover, the Court could find no rule, Program Statement, or guideline "justifying categorical exclusion from individualized consideration for RRC placement based upon outstanding warrants." No. 11-333-AC, 2011 WL 2457407 (D.Or. May 12, 2011).

9 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Jones' Petition for Writ of Habeas Corpus [1] is DENIED, and this proceeding is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this 2nd day of ~~April~~ May, 2012.

Paul Papak
United States Magistrate Judge

10 - OPINION AND ORDER